**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES GRZESLO,

        Plaintiff - Appellant,

  v.

BRYAN D. PHILLIPS; IDALBERTO
ZALDIVAR-GALVES; N. SCAIFE; L.
HASHIMI; ARMENTA TIGGS-BROWN,
P.A.; N. NDU; B HILL; H. SMITH; L.
MORENO; J. WELCH,

        Defendants - Appellees.

No. 25-1815

D.C. No. 1:24-cv-00615-JLT-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 18, 2026[**]

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

    California state prisoner James Grzeslo appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Grzeslo's action because Grzeslo failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (explaining that prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [the plaintiff] to demonstrate a violation of federal law, not state law."); *Lu v. Hawaiian Gardens Casino, Inc.*, 236 P.3d, 346, 348-49 (Cal. 2010) (explaining that "violation of a state statute does not necessarily give rise to a private cause of action" and explaining requirements for a private cause of action).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**